IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>*Plaintiffs,*<br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY<br>2707 Martin Luther King Jr., Ave., S.E.<br>Washington, D.C. 20528<br><br>*Defendant.* | Case No.  24-cv-2343 |

**COMPLAINT AND PRAYER FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") Defendant, allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of certain records related to Vice President Kamala Harris and her role as "Border Czar" for the Biden-Harris Administration. *See* Plaintiffs' FOIA Request, No. 2024-HQFO-02146 (July 30, 2024) ("DHS Request" or "Plaintiffs' DHS FOIA Request") (Ex. 1).

1

**PARTIES**

2. Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, About Heritage, https://www.heritage.org/about-heritage/mission (last visited Aug. 12, 2024). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public.

3. Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an investigative columnist for The Daily Signal. The Oversight Project is an initiative aimed at obtaining information via FOIA requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight. "The requests and analyses of information are informed by Heritage's deep policy expertise. By its nature, the Oversight Project is primarily engaged in disseminating information to the public." Oversight Project, *found at* https://www.heritage.org/oversight (last visited Aug. 12, 2024); Oversight Project (@OversightPR), X (last visited Aug. 12, 2024), https://twitter.com/OversightPR. Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

4. Defendant DHS is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission statement is "[w]ith honor and integrity, we will safeguard the American people, our homeland, and our values." Department of Homeland Security, About DHS, https://www.dhs.gov/mission (last visited Aug. 12, 2024).

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the District of Columbia.

## PLAINTIFFS' FOIA REQUEST

7. Plaintiffs submitted the Request to Defendant on July 30, 2024.

8. The Request sought: "All records containing the terms 'border czar' and 'Harris,'" from April 14, 2021 to the present. Request at 1. April 14, 2021 is the date the press reported that President Biden had designated Vice President Harris as border czar. *Id.* at 4–5.

9. The Request sought a fee waiver based on Heritage's status as a not-for-profit and the fact that a purpose of the Request was to allow Heritage to gather information on a matter of public interest for (among other things) use by authors of The Daily Signal, which is a major news outlet. *Id.*

10. The Request also sought production of records in partial responses as soon as they became available. *Id.* at 4

## REQUEST FOR EXPEDITED PROCESSING

11. Plaintiffs requested Expedited Processing for the Request. *See* Ex. 1 at 5. The factual and legal basis for the Application was explained in a four-page submission.

12. The Request attached three appendices totaling 1,342 pages that included two proposed pieces of legislation addressing Vice President Harris's role in the on-going immigration crisis and a compilation of news articles about Vice President Harris's designation as the border

3

czar. The foregoing coverage was "widespread and exceptional" and surfaces "questions about the Government's integrity that affect public confidence." 6 C.F.R. § 5.5(e)(1)(iv).

## **DEFENDANT'S CONSTRUCTIVE DENIAL OF EXPEDITED PROCESSING**

13. Defendant acknowledged receipt of the Request on July 31, 2024. *See* Email Correspondence between Mike Howell and DHS FOIA, Privacy Office (Jul. 31, 2024) ("Email Corr.") (Ex. 2).

14. Defendant denied the Request as "too broad in scope or did not specifically identify the records which you are seeking." Email Corr. at 2.

15. On July 31, 2024, Defendant requested that Plaintiffs "Please advise what specific records you are seeking regarding the border and the VP. Also advise what offices to conduct a search in." Email Corr. at 2.

16. Pursuant to the foregoing, Plaintiffs amended the Request on August 1, 2024, to "limit the search to these offices: Office of Public Affairs; Office of Strategy, Policy, and Plans; office of the Secretary; and Leg Affairs." Email Corr. at 1.

17. On August 6, 2024, Defendant issued what it labeled a "final response" to Plaintiffs via the SecureRelease Portal. *See* Message from Defendant to Plaintiff (Aug. 6, 2024) ("Final Response") (Ex. 3). The Final Response administratively closed the Request because Defendant "cannot conduct an adequate search" for records even after Plaintiffs' clarification. Final Response at 1. The Final Response noted that it was *not* a "denial" of the Request, and that the Request "may be reinstated upon receipt of a perfected request." *Id*.

18. The Final Response did not rule on Plaintiffs' Request for a fee waiver, nor did it rule on Plaintiffs' request for expedited processing.

19. A screen capture of the SecureRelease FOIA Portal for Request No. 2024-HQFO-02146 shows the request status as "closed," and the determinations for expedited processing and fee waivers as "not applicable." *See* Screen Capture of the SecureRelease FOIA Portal for Request No. 2024-HQFO-02146 (Aug. 12, 2024) (Ex. 4).

20. The Final Response does not constitute a "determination" within the meaning of *CREW v. Fed. Elec. Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("Rather, in order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.").

21. Defendant has constructively denied Plaintiffs' request for expedited processing.

22. Ten calendar days from August 1, 2024, is August 11, 2024.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing**

23. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

24. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines, at 4 (Mar. 15, 2022).

25. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

26.     Plaintiffs properly asked that DHS expedite the processing of Plaintiffs' FOIA Request, based upon Plaintiffs' showing that the foregoing coverage was "widespread and exceptional" and surfaces "questions about the Government's integrity that affect public confidence."  6 C.F.R. § 5.5(e)(1)(iv).

27.     Defendant did not pass on Plaintiffs' request for expedited processing.

28.     Defendant is in violation of FOIA.

29.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled to on an expedited basis and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

30.     Plaintiffs have no adequate remedy at law.

31.     Plaintiffs have exhausted all required administrative remedies with respect to Defendant's failure to make a determination on Plaintiffs' request for expedition.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A.      Enter a preliminary and permanent injunction compelling Defendant to process Plaintiffs' FOIA Request on an expedited basis.

B.      Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

C.      Grant such other and further relief as this Court may deem just and proper.

Dated: August 12, 2024                    Respectfully submitted,

/s/ Eric Neal Cornett
ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone: (606) 275-0978
Email: neal@cornettlegal.com

SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone: (202) 617-6975
Email: Dan.Mauler@heritage.org

KYLE BROSNAN
(No. 90021475)
The Heritage Foundation
Telephone: (202) 608-6060
Email: Kyle.Brosnan@heritage.org

MAX TAYLOR MATHEU
(No. 90019809)
Telephone: (727) 249-5254
Email: maxmatheu@outlook.com

*Counsel for Plaintiffs*